UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MAO-MSO RECOVERY II, LLC, et al., | ) | CASE NO.1:17CV686 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| PROGRESSIVE CORP., | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant The Progressive Corporation's ("Defendant") Motion to Dismiss (ECF DKT # 33). For the following reason, the Court grants Defendant's Motion and dismisses the above-captioned case. Plaintiffs' Motion for Leave to Amend is denied as moot. (ECF DKT # 45).

## Background Facts

Plaintiffs MAO-MSO Recovery II, LLC; MSP Recovery, LLC and MSPA Claims I, LLC (collectively, "Plaintiffs") filed this putative class action suit against "Progressive Corporation, its direct and indirect subsidiaries; Progressive; Progressive Insurance; Progressive Casualty Insurance Company; and Progressive Group of Insurance Companies." First Amended Complaint ("FAC"). This case is one of several filed around the country by Plaintiffs against various automobile insurance companies[1] and is closely related to another

---

[1] *See, e.g.*, *MAO-MSO Recovery II, LLC v. Am. Family Mut. Ins. Co.*, No. 17-CV-175-JDP, 2018 WL 835160 (W.D. Wis. Feb. 12, 2018); *MAO-MSO Recovery II, LLC v. Gov't Employees Ins. Co.*, No. PWG-17-711, 2018 WL 999920 (D. Md. Feb. 21, 2018); *MAO-MSO Recovery II, LLC v. USAA Cas. Ins. Co.*, No. 17-20946-CIV, 2018 WL 295527 (S.D. Fla. Jan. 3, 2018); *MAO-MSO Recovery II, LLC v. Boehringer Ingelheim Pharm., Inc.*, 281 F.Supp.3d 1309 (S.D. Fla. 2017); *MAO-MSO Recovery II, LLC v. Mercury Gen.*, No. CV 17-2557-AB (FFMX), 2017 WL 5086293

case filed by Plaintiffs in this Court against Progressive Corp. relating to no-fault insurance coverage.

This action arises under the Medicare Secondary Payer ("MSP") provisions of the Medicare Act, 42 U.S.C. § 1395, *et seq*. When the Medicare program was enacted in 1965, Medicare "paid for all medical treatment within its scope and left private insurers merely to pick up whatever expenses remained." *Bio-Med. Applications of Tennessee, Inc. v. Cent. States Southeast & Southwest Areas Health and Welfare Fund*, 656 F.3d 277, 278 (6th Cir. 2011). In 1980, Congress "inverted that system" by "mak[ing] private insurers covering the same treatment the 'primary' payers and Medicare the 'secondary' payer" when overlapping coverage exists. *Id.* Automobile insurance plans may be primary payers under this system. *Stalley v. Methodist Healthcare*, 517 F.3d 911, 915 (6th Cir. 2008). However, "[i]f the primary payer has not paid and will not promptly do so... Medicare can conditionally pay the cost of treatment." *Id.*

"The MSP empowers Medicare to seek reimbursement for any conditional medical payments from the primary payer... if it is demonstrated that the primary payer has responsibility to pay." *Id.* The MSP also provides for a "private right of action with double recovery to encourage private parties who are aware of non-payment by primary plans to bring actions to enforce Medicare's rights." *Id.*

---

(C.D. Cal. Nov. 2, 2017); *MAO-MSO Recovery II, LLC v. Farmers Ins. Exch.*, No. 217CV02522CASPLAX, 2017 WL 5634097 (C.D. Cal. Nov. 20, 2017); *MSPA Claims I, LLC v. Covington Specialty Ins. Co.*, 212 F.Supp.3d 1250 (S.D. Fla. 2016, *appeal dismissed*, No. 17-11273-JJ, 2017 WL 4386453 (11th Cir. Sept. 19, 2017); *MSPA Claims I, LLC v. Tower Hill Prime Ins. Co.*, No. 1:16-CV-20459-KMM, 2016 WL 4157592 (S.D. Fla. Aug. 3, 2016), *reconsideration denied*, No. 1:16-CV-20159-KMM, 2017 WL 1289321 (S.D. Fla. Mar. 31, 2017), *appeal dismissed* (Sept. 19, 2017); *MSPA Claims I, LLC v. Liberty Mut. Fire Ins. Co.*, No. 16-20271-CIV, 2016 WL 3751481 (S.D. Fla. July 14, 2016); *MSP Recovery, LLC v. Progressive Select Ins. Co.*, 96 F.Supp.3d 1356 (S.D. Fla. 2015).

In 1997, Congress created Medicare Part C, which allows for private Medicare Advantage plans. 42 U.S.C. §§ 1395w 21-28. Under this system, private insurers may become Medicare Advantage Organizations ("MAOs") and administer Medicare benefits pursuant to contracts with the Centers for Medicare and Medicaid Services ("CMS"). *Id.*

Plaintiffs are entities which allege that they have been assigned "all rights, title, and interest allowing them to bring these claims" by several unspecified MAOs. FAC at 2, n.2. Plaintiffs allege that Defendant entered into settlement agreements with several Medicare enrollees, obligating them to pay the enrollees' medical expenses. FAC ¶ 3. Plaintiffs thus contend that Defendant was a primary payer and that the MAOs covering these Medicare enrollees were secondary payers. FAC ¶¶ 3-4. Plaintiffs allege that Defendant failed to pay medical bills that it was statutorily obligated to pay, resulting in economic loss to Plaintiffs. FAC ¶ 4. Plaintiffs assert claims for Double Damages under the Private Right of Action established by the MSP in 42 U.S.C. § 1395y(b)(3)(A) and for Breach of Contract.

**Defendant's Motion**

Defendant moves to dismiss Plaintiffs' claims for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Defendant argues that Plaintiffs' claims should be dismissed for lack of subject matter jurisdiction because Plaintiffs do not have Article III standing to pursue this lawsuit since they have failed to plead an injury that is concrete and particularized. Plaintiffs have similarly failed to allege sufficient facts to connect any injury to Defendant.

Next, Defendant contends that MAOs do not have any private right of action under the MSP provisions of the Medicare Act. Furthermore, even if MAOs did have a private right of

action, Defendant contends that the MAOs improperly made payments before determining whether there was a primary payer, making the payments illegal and not proper "conditional" payments within the meaning of the MSP provisions.

Finally, Defendant also argues that the FAC fails to state a claim upon which relief can be granted because "it is bereft of even the most basic factual allegations" and "does not identify a single claim that any MAO paid conditionally." Similarly, Plaintiffs have not alleged any facts demonstrating the existence of valid assignments between themselves and any MAO. Therefore, "the Amended Complaint is a textbook example of a barebones pleading that does not provide the Defendants fair notice of the allegations against them," and the Court should dismiss the FAC with prejudice.

**Plaintiffs' Response**

Plaintiffs contend that they represent MAOs, "who, for all practical and legal purposes, stand in the same shoes as the Centers for Medicare and Medicaid Services in providing Medicare Benefits." Therefore, if there is a primary payer available, any payment made by MAOs is automatically conditional, and MAOs are entitled to recover the payment from the primary payer. Plaintiffs allege that there is a pattern of "MAOs almost never get[ting] reimbursed for medical expenses that should have been covered in the first instance by an automobile policy."

Plaintiffs further contend that MSP provisions allow for a private right of action by an MAO against a primary payer and cite several cases from other circuits holding that double damages provisions apply to MAOs.

Lastly, Plaintiffs argue that Federal Rule of Civil Procedure 8 does not require

Plaintiffs to allege the specific facts that Defendant points to in its Motion to Dismiss. Plaintiffs contend that the relevant details of the specific claims referred to in the FAC are exclusively in Defendant's possession and therefore, Plaintiffs should be given additional leeway in pleading. As such, Plaintiffs request that the Court deny Defendant's Motion to Dismiss.

## LAW AND ANALYSIS

### Standard of Review

When challenged on a motion to dismiss, it is plaintiff's burden to prove the existence of subject matter jurisdiction. *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986). Such challenges are brought by two different methods: (1) facial attacks and (2) factual attacks. *See, e.g.*, *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

"A *facial* attack is a challenge to the sufficiency of the pleading itself. On such a motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *Walters v. Leavitt*, 376 F.Supp.2d 746, 752 (E.D. Mich. 2005), citing *Scheuer v. Rhodes*, 416 U.S. 232, 235-37 (1974). "A *factual* attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations... and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Walters*, 376 F.Supp.2d at 752. Defendant's Motion presents an attack on the factual existence of subject matter jurisdiction relating to Plaintiffs' standing.

**Lack of Jurisdiction**

Defendant argues that Plaintiffs lack standing to sue because they have not shown that they (through their alleged assignors) have suffered an injury in fact. Plaintiffs bear the burden of establishing Article III standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). "To satisfy Article III's standing requirements, a plaintiff must show: '(1) [he] has suffered an 'injury-in-fact' that is (a) concrete and particularized and (b) actual and imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *Soehnlen v. Fleet Owners Ins. Fund*, 844 F.3d 576, 581 (6th Cir. 2016); *Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 606-07 (6th Cir. 2007); *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180-81 (2000). "For an injury to be particularized, 'it must affect the plaintiff in a personal and individual way.'" *Soehnlen*, 844 F.3d at 581-82.

Defendant argues that Plaintiffs cannot satisfy the first element, injury-in-fact. Plaintiffs are not MAOs, but they allege that they have obtained claims for reimbursement via assignment from several MAOs. FAC at 2, n.2. Plaintiffs do not specify which MAOs assigned their rights to Plaintiffs nor do they provide any documentation of these assignments. In their two "representative claims," Plaintiffs merely provide the names of two MAOs who allegedly assigned their rights to Plaintiffs without presenting any additional evidence. FAC ¶ 58.

In *MAO-MSO Recovery II, LLC v. State Farm Mutual Automobile Ins. Co.*, another District Court reviewed a very similar case brought by the same plaintiffs. *See MAO-MSO*

*Recovery II, LLC v. State Farm Mutual Automobile Ins. Co.*, No. 1:17-CV-01541-JBM-JEH, 2018 WL 2392827, at *1 (C.D. Ill. May 25, 2018). In that case, the plaintiffs provided the court with two documents of purported assignments from an MAO. *Id.* at *3. These documents were between a purported MAO and only one of the four plaintiffs. *See id.* The court found that "only *one* Plaintiff in this case can possibly confer Article-III standing" because plaintiffs had not presented any evidence that any other plaintiff had an assignment from an MAO. *Id.* at *2. Furthermore, upon reviewing the documents plaintiffs provided to the court, the court found that the alleged MAO who assigned its rights to the plaintiff was not an MAO at all. *Id.* at **3-4. Therefore, the court dismissed the case with prejudice. *Id.* at *8. *See also MAO-MSO Recovery II, LLC v. American Family Mutual Insurance Co.*, Nos. 17-CV-175-JDP and 17-CV-262-JDP, 2018 WL 835160, at *7 (W.D.Wis. Feb. 12, 2018) (ordering Plaintiffs to provide "any evidence that they have been assigned the right to recover the debts allegedly owed in this case" in order to avoid dismissal).

Like in the *State Farm* case, Plaintiffs have failed to present any evidence demonstrating a valid assignment from any MAO. Standing is "not [a] mere pleading requirement... but rather an indispensable part of the plaintiff's case," and as such, "[it] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of litigation." *Lujan*, 504 U.S. at 561. Here, Plaintiffs have presented no evidence that they have suffered an injury-in-fact. Plaintiffs have merely made conclusory allegations in their Complaint that they have been assigned rights of recovery from several unnamed MAOs. However, without documentation showing that at least one Plaintiff has been assigned

7

recovery rights from at least one MAO, the Court cannot find that Plaintiffs have satisfied their burden of proving Article III standing.  Since Plaintiffs themselves are not MAOs, Plaintiffs must show an injury-in-fact by presenting a valid assignment from an MAO.  Because Plaintiffs have not done so, the Court finds that it lacks subject matter jurisdiction over this case.

Lastly, because "Article III standing is a threshold question in every federal case and 'determines the power of the court to entertain the suit,'" the Court finds that it is unnecessary to consider Defendant's arguments under 12(b)(6) because it has already found that Plaintiffs have failed to establish Article III standing.  *In re Packaged Ice Antitrust Litigation*, 779 F.Supp.2d 642, 653 (E.D. Mich. 2011), citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

Therefore, for the foregoing reason, the Court grants Defendant's Motion and dismisses this case without prejudice.

Because this Court lacks subject matter jurisdiction over the claims in this case, Plaintiffs' Motion for Leave to Amend Complaint (ECF DKT # 45) is denied as moot.  See *Madison-Hughes v. Shalala,* 80 F.3d 1121, 1131 (6th Cir. 1996) (holding that when Court lacks subject matter jurisdiction over original complaint denial as moot of subsequent motion to amend is proper.)

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

**Dated:  August 27, 2018**